Filed 12/26/23  Marriage of Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of SILVIA AND KEVIN THOMAS. | |
| SILVIA THOMAS,<br><br>Respondent,<br><br>v.<br><br>KEVIN THOMAS,<br><br>Appellant;<br><br>SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>Respondent. | E080499<br><br>(Super.Ct.No. FAMVS1201417)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Damian G. Garcia, Judge.  Affirmed.

Kevin Thomas, in pro. per., for Appellant.

No appearance for Respondents.

Kevin Thomas appeals from the family court's order denying his request to set aside a voluntary declaration of parentage (VDOP).  We affirm.

1

BACKGROUND

In May 2015, the family court entered a judgment dissolving the marriage of Kevin and Silvia Thomas. (We refer to the parties by their first names because of their shared last name. No disrespect is intended.) The judgment gave the parties joint legal custody of their minor son and granted Silvia primary physical custody. The court ordered Kevin to pay $510 per month in child support.

In April 2022, Kevin filed a request to set aside a VDOP concerning the parties' son. Kevin checked the box on the form (Judicial Council form FL-280) indicating that he wanted to set aside the VDOP for fraud. Other sections of the form asked for the names of the people who signed the VDOP and the date that it was signed. In those sections, Kevin wrote "N/A."

Kevin's declaration in support of the request stated that the Department of Child Support Services (DCSS) did not inform him of the legal consequences that arise from signing a VDOP. The legal consequences that he identified included wage garnishment, reporting of arrearages to credit agencies, seizure of assets held by financial institutions, liens on property, seizure of income tax refunds, imprisonment and fines, and several other claimed consequences. Kevin declared that he would not have signed the VDOP if he had known of the legal consequences.

Kevin also submitted a letter from DCSS dated February 2022. It appeared to be a response to his attempt to rescind the VDOP. The letter stated that DCSS had no record of a VDOP for the parties' son.

2

According to the register of actions, Kevin filed an amended request to set aside the VDOP, and DCSS filed a responsive declaration. The record on appeal does not include those documents.

The court held a hearing on Kevin's request in August 2022. The record does not include a reporter's transcript of those proceedings. According to the minute order from the hearing, the court denied without prejudice Kevin's request to set aside the VDOP.

DISCUSSION

Kevin asserts that the court determined that his request to set aside the VDOP was untimely. He argues that the court erred, because "there is no untimely filing when attacking a void judgment." (Capitalization omitted.) The argument lacks merit.

The Legislature authorized VDOP's in part to implement a "'simple system'" for establishing voluntary parentage "as a 'first step toward a child support award.'" (*Kevin Q. v. Lauren W.* (2009) 175 Cal.App.4th 1119, 1131.) An executed VDOP takes effect when it is filed with DCSS. (Fam. Code, § 7573, subd. (c); unlabeled statutory citations refer to this code.) Either signatory may rescind the VDOP within 60 days of execution by filing a rescission form with DCSS. (§ 7575, subd. (a).) A signatory also has two years from the effective date of the VDOP to commence a proceeding to challenge the declaration on the basis of fraud, duress, or material mistake of fact. (§ 7576, subd. (a).) In addition, section 7573.5 identifies a number of conditions that render a VDOP void at the time of signing. (§ 7573.5, subd. (a)(1)-(6).) The two-year limitations period does not apply to proceedings to challenge a VDOP as void under section 7573.5. (§ 7576, subd. (b).)

3

We presume that the trial court's order is correct. (*Demara v. The Raymond Corp.* (2017) 13 Cal.App.5th 545, 552.) We review the court's ruling, not its reasoning, and "we may affirm a decision correct on any theory regardless of the trial court's reasoning." (*Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 653, fn. 8.) The appellant bears the burden of demonstrating prejudicial error. (*Demara*, *supra*, at p. 552.)

Kevin fails to show that the court erred here. Nothing in the record demonstrates that the court denied his request as untimely. Instead, his moving papers demonstrate that there was no record of a VDOP concerning the parties' son. It was not possible for the court to set aside a VDOP that did not exist. The court therefore did not err by denying his request to set aside a nonexistent VDOP.

Assuming for the sake of argument that the claimed VDOP does exist, Kevin still has not shown that the court erred. He challenged the VDOP on the basis of fraud. Such a challenge is subject to a two-year limitations period. His claim that there can be "no untimely filing" is therefore incorrect. (Capitalization omitted.) And although a challenge to a VDOP as void under section 7573.5 is not subject to the limitations period, Kevin's request did not challenge the VDOP under that statute. Nothing in his moving papers established any of the conditions that render a VDOP void at the time of signing. For example, he did not show that someone other than him or Silvia was already a presumed parent, that a court had already entered a judgment of parentage, or that another person had already signed a valid VDOP. (§ 7573.5, subd. (a)(1)-(3).)

Similarly, Kevin's opening brief on appeal does not argue that the VDOP was void under section 7573.5. He instead refers repeatedly to a "void judgment" and argues that

DCSS violated his due process rights in a number of ways. To the extent that Kevin is seeking to challenge the judgment ordering child support as void, such a challenge is not properly before us. He did not file a motion to set aside the May 2015 judgment in this case. He filed a request to set aside the VDOP. We are reviewing only the order denying that request.

For all of these reasons, the court did not err by denying Kevin's request to set aside the VDOP.[1]

DISPOSITION

The order denying the request to set aside the VDOP is affirmed. Silvia and DCSS shall recover their costs of appeal, if any. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.
CODRINGTON
J.

---

[1] Kevin requests that we take judicial notice of the summons that Silvia served and filed in this case. We deny the request because the summons is irrelevant and unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)